# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| REHCO, LLC, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> AMAX GROUP USA, LLC, and COSTCO WHOLESALE CORP., <br><br> Defendants/Counterclaimants. | No.: 4:21-cv-01278 <br><br><br><br><br><br> Hon. Lee H. Rosenthal |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

Defendants Amax Group USA, LLC ("Amax") and Costco Wholesale Corp. ("Costco") (collectively, "Defendants"), by and through its attorneys, hereby answer the Complaint of Plaintiff Rehco, LLC ("Rehco" or "Plaintiff") as follows:

To the extent not specifically admitted herein, Defendants deny the allegations of the Complaint.

## **NATURE OF THE SUIT[1]**

1. Defendants admit that the Complaint purports to be a patent infringement action. Defendants deny any and all remaining allegations contained in Paragraph 1.

---

[1] For convenience, Defendants have incorporated certain section titles that appear in the Complaint. Defendants do not necessarily agree with the characterizations of such section titles and do not waive any right to object to those characterizations.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis deny the allegations.

3. Defendants admit that Amax is a Texas limited liability company and has an address at 12645 Memorial Drive, Suite F1 #388, Houston, Texas 77024. Defendants admit that Chunmin Ma is a registered agent of Amax. Defendants deny any and all remaining allegations contained in Paragraph 3.

4. Defendants admit that Costco is a Washington corporation and has an address at 999 Lake Drive, Issaquah, Washington 98027. Defendants admit that CT Corporation is a registered agent of Costco. Defendants deny any and all remaining allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Rehco alleges that the Complaint purports to state an action arising under the Patent Laws of the United States. Defendants admit that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Defendants deny any and all remaining allegations contained in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this

Court for the purposes of this civil action only. Defendants deny any and all remaining allegations contained in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not contest venue in this Court for the purposes of this civil action only. Defendants deny any and all remaining allegations contained in Paragraph 7.

8. Defendants admit that Amax has an address at 12645 Memorial Drive, Suite F1 #388, Houston, Texas 77024. Defendants deny any and all remaining allegations contained in Paragraph 8.

9. Defendants admit that Costco has stores at the following locations: 3836 Richmond Avenue, Houston, Texas; 1150 Bunker Hill Road, Houston, Texas 77055; 12405 N. Gessner Road, Houston, Texas 77064; and 21802 Townsen Boulevard W, Humble, Texas 77338. Defendants deny any and all remaining allegations contained in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that they sell and offer for sale products in Texas, including in this Judicial District. Defendants deny any and all remaining allegations in Paragraph 10.

## BACKGROUND

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis deny the allegations.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis deny the allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis deny the allegations.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis deny the allegations.

## **THE PATENT-IN-SUIT**

15. Denied.

16. Defendants admit that the '866 patent lists Jeffrey Rehkemper, Nicholas Grisolia, Peter Greenley, and Bret Gould as named inventors. Defendants deny any and all remaining allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny the allegations.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny the allegations.

## COUNT I

19. Defendants reallege and incorporate by reference as if set forth fully herein their responses above to Paragraphs 1-18.

20. Paragraph 20 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Rehco alleges that the Complaint purports to state an action arising under the Patent Laws of the United States. Defendants deny any and all remaining allegations contained in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the '866 patent is titled "Control System for a Flying Vehicle." Defendants admit that the '866 patent indicates it issued on September 5, 2006. Defendants deny that a complete copy of the '866 patent is attached as Exhibit 1 to Rehco's Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 21, and on that basis denies the allegations.

22. Denied.

23. Denied.

24. Defendants admit that Exhibit 2 includes what purports to be a claim chart. Defendants deny any and all remaining allegations in Paragraph 24.

25. Denied.

26. Defendants admit that Steve Rehkemper corresponded with Amax's counsel regarding the '866 patent in October 2019. Defendants deny any and all remaining allegations in Paragraph 26.

27. Denied.

28. Denied.

29. Denied

30. Denied.

31. Denied.

## PRAYER FOR RELIEF

Defendants deny all allegations not specifically admitted herein, and further deny that Plaintiff is entitled to judgment and any of the relief requested in Complaint. Defendants ask the Court to deny any and all relief requested by Rehco in its Prayer for Relief.

## DEFENSES

Without prejudice to the denials set forth above, and without undertaking any of the burdens imposed by law on Plaintiff, Defendants assert the following separate defenses to the Complaint. Defendants expressly reserve the right to assert additional defenses as they become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

The manufacture, use, sale, offer for sale, and/or importation of Amax's Hover Star and Hover Star 2.0 does not and will not infringe, directly or indirectly, any valid, enforceable claim of the patent-in-suit.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity)

One or more claims of the patent-in-suit are invalid for failure to comply with one or more of the conditions set forth in Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrine of obviousness-type double patenting and/or any other judicially created requirements for patentability and enforceability of the patent and/or the defenses recognized in 35 U.S.C. § 282.

## THIRD AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

As a result of the prosecution of one or more patents or patent applications, Plaintiff is estopped from seeking a claim scope, either literally or under the doctrine of equivalents, that would encompass any of Defendants' products.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Exceptional Case)

To the extent the Complaint purports to seek an "exceptional case" determination, the Complaint fails to state a claim for exceptional case under 35 U.S.C. § 285.

## COUNTERCLAIMS

Defendants/Counterclaimants Amax Group USA, LLC ("Amax") and Costco Wholesale Corp. ("Costco") assert the following Counterclaims against Plaintiff Rehco, LLC ("Rehco" or "Plaintiff" or "Counterdefendant") for a declaratory judgment that U.S. Patent No. 7,100,866 ("the '866 patent") is invalid and/or not infringed.

## PARTIES

1. Amax is a limited liability company organized and existing under the laws of Texas, having a principal place of business at 12645 Memorial Drive, Suite F1 #388, Houston, Texas 77024.

2. Costco is a corporation organized and existing under the laws of Washington, having a principal place of business at 999 Lake Drive, Issaquah, Washington 98027.

3. On information and belief, and based on Rehco's allegations, Rehco is an Illinois limited liability company with its principal place of business located at 1300 West Washington Street, Chicago, Illinois 60607.

## JURISDICTION AND VENUE

4. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

5. The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202.

6. Rehco is subject to the jurisdiction of this Court because, among other things, it invoked the jurisdiction of this Court by filing its claim for patent infringement in this action.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Rehco's choice of forum.

8. The Counterclaims are based upon an actual controversy between the parties concerning the invalidity and/or non-infringement of the '866 patent and Defendants' rights to manufacture, use, sell, offer for sale, or import certain products in the United States.

9. Rehco has filed in this Court an infringement action against Defendants to enforce the '866 patent.

10. In its Complaint, Rehco has alleged that the manufacture, use, sale, offer for sale, and/or importation of the Original Hover Star Motion Controlled UFO ("Hover Star") infringes or will induce infringement of one or more claims of the '866 patent.

11. On information and belief, and according to Rehco's allegations, Rehco is the assignee of the '866 patent.

12. In view of the foregoing, a conflict of asserted rights has arisen between Defendants and Rehco with respect to the non-infringement, invalidity, and/or enforceability of the '866 patent and Defendants' right to engage in the commercial manufacture, importation, use, offer for sale, or sale of the Hover Star. An actual controversy therefore exists between Rehco and Defendants.

## FIRST COUNTERCLAIM—DECLARATION OF NON-INFRINGEMENT

## (U.S. PATENT NO. 7,100,866)

13. Defendants reallege Paragraphs 1-12 as though fully set forth herein.

14. The manufacture, use, sale, offer for sale, and/or importation of the Hover Star does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '866 patent.

15. Claim 1 of the '866 patent is the only independent claim asserted against Defendants in Plaintiff's Complaint. Claim 1 requires a vehicle having "a means for propelling in a vertical direction, further comprising: a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle; a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal; and a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude."

16. By way of example, the Hover Star does not have "a means for propelling in a vertical direction," as this limitation is properly construed under 35 U.S.C. § 112,

¶ 6. The Hover Star also does not have "a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude."

17. Defendants are entitled to a judicial determination that the manufacture, use, sale, offer for sale, and/or importation of the Hover Star does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '866 patent.

18. Additionally, the manufacture, use, sale, offer for sale, and/or importation of the Original Hover Star 2.0 Motion Controlled UFO ("Hover Star 2.0") does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '866 patent.

19. In addition to the claim limitations identified above in Paragraph 16, the Hover Star 2.0 also has neither "a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle" nor "a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal."

20. To the extent Rehco alleges that the Hover Star 2.0 infringes the '866 patent, Defendants are entitled to a judicial determination that the manufacture, use, sale, offer for sale, and/or importation of the Hover Star 2.0 does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of the '866 patent.

## SECOND COUNTERCLAIM—DECLARATION OF INVALIDITY

### (U.S. PATENT NO. 7,100,866)

21. Defendants reallege Paragraphs 1-20 as though fully set forth herein.

22. The claims of the '866 patent are invalid because they fail to comply one or more requirements of United States Code Title 35, including without limitation, one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, or any other judicially created requirements for patentability and enforceability of a patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

23. By way of example, prior art references show or make obvious at least the following features in combination in a vehicle having a means for propelling in a vertical direction: "a transmitter positioned on the bottom of said vehicle for transmitting a signal from the vehicle downwardly away from said vehicle" and "a receiver positioned on the bottom of said vehicle for receiving said signal as it is bounced off of a surface, defined as a bounced signal" and "a control system that automatically sets a speed of the propelling means in response to the receiver, said control system having a first means to set the speed of the propelling means to a first speed when the receiver receives the bounced signal and the control system having a second means to set the speed of the

propelling means to a second speed when the receiver does not receive the bounced signal, the first speed being predefined as a speed that causes the vehicle to gain altitude and the second speed being predefined as a speed that causes the vehicle to lose altitude." Thus, at least Claim 1 of the '866 patent is invalid as anticipated under 35 U.S.C. § 102 and/or obvious 35 U.S.C. § 103.

24.     Defendants are entitled to a judicial declaration that the claims of the '866 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and pray for judgment as follows:

A.     That the Court order the Complaint dismissed with prejudice and judgment be entered in favor of Defendants;

B.     That a judgment be entered declaring that the manufacture, import, use, sale, and/or offer to sell the Hover Star, has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of U.S. Patent No. 7,100,866;

C.     That a judgment be entered declaring that the manufacture, import, use, sale, and/or offer to sell the Hover Star 2.0, has not infringed, does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid, enforceable claim of U.S. Patent No. 7,100,866;

D. That a judgment be entered declaring the claims of U.S. Patent No. 7,100,866 invalid;

E. That the Court declare that Defendants have the lawful right to manufacture, import, use, sell, and/or offer to sell the Hover Star;

F. That the Court declare that Defendants have the lawful right to manufacture, import, use, sell, and/or offer to sell the Hover Star 2.0;

G. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Defendants their attorneys' fees, costs, and expenses incurred in this action;

H. That the Court award Defendants any other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

Dated: June 11, 2021 By: /s/Charles J. Rogers
Charles J. Rogers, attorney-in-charge
Texas State Bar No. 00786205
S.D. of Texas Bar No. 19028
crogers@conleyrose.com
**CONLEY ROSE, P.C.**
777 North Eldridge Parkway, Suite 600
Houston, TX 77079-4425
Telephone: (713) 238-8049
Facsimile: (713) 238-8008

Nicholas M. Zovko* (SBN 238,248)
nicholas.zovko@knobbe.com
Clayton R. Henson* (SBN 312,375)
clayton.henson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
*Pro Hac Vice Pending*

*Attorneys for Defendants,*
AMAX GROUP USA, LLC and COSTCO WHOLESALE CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record who are Filing Users of the Court's Electronic Filing System.

| | |
|---|---|
| Edward Reese Nelson, III<br>**NELSON BUMGARDNER ALBRITTON PC**<br>3131 West 7th St<br>Suite 300<br>Fort Worth, TX 76107<br>817-377-9111<br>Email: ed@nbafirm.com | Timothy E Grochocinski<br>**NELSON BUMGARDNER ALBRITTON PC**<br>15020 S. Ravinia Ave. Suite 29<br>Orland Park, IL 60462<br>708-675-1974<br>Email: tim@nbafirm.com |

*Attorneys for Plaintiff,*
Rehco, LLC

                                             /s/ Charles J. Rogers
                                             Charles J. Rogers